UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALEXANDR VLADIMIROV REMORENKO,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH,<br><br>Respondent. | CAUSE NO. 3:26-CV-967-CCB-SJF |

OPINION AND ORDER

Immigration detainee Alexandr Vladimirov Remorenko, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 2. The respondent has answered the petition, and Remorenko has filed a reply. ECF 10, ECF 13. The petition is ready to be decided.

BACKGROUND

Remorenko was a citizen of the former Union of Soviet Socialist Republics (USSR) but is now a stateless citizen. ECF 2 at 4. He entered the United States as a refugee on April 13, 1989. *Id.* On Marh 31, 2016, Remorenko was convicted in Pennsylvania of several sex offenses. ECF 10-1 at 1-4. On January 27, 2020, an immigration judge ordered him removed to Russia, and the time to appeal the removal order expired on February 26, 2020. ECF 10-2. On August 27, 2025, Immigration and

Customs Enforcement (ICE) detained him following his release from criminal incarceration, and he is currently held at the Miami Correctional Facility. ECF 2 at 2-3.

On July 21, 2026, an ICE official attested that the government declined to request travel documents from Russia due to a lack of documentation showing that Remorenko registered for Russian citizenship following the collapse of the USSR. ECF 10-2. In September 2025, the government submitted requests for travel documents to Italy and Israel, but these requests were denied. *Id.* The government continues to review other third country removal options. *Id.*

<u>SUBJECT MATTER JURISDICTION</u>

The respondent first argues that the court lacks subject matter jurisdiction over Remorenko's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondent first argues that Remorenko's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal

period,"[1] which for Remorenko ended in November 2025, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

Because Remorenko has now been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable. To start, the parties do not dispute that efforts to remove Remorenko to Russia would be futile and that efforts to remove him to Israel and Italy have proven unsuccessful. Further, Remorenko's term of immigration detention now spans one year, and there are no requests for travel documents currently pending. The court finds that Remorenko has met his preliminary burden of showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

To rebut this showing, the respondent offers attestations that the government has determined that Russia is not a viable option for removal, that, in September 2025, it submitted travel document applications to Israel and Italy, which have since been denied, and that they are now considering other candidate countries for removal. This showing does not persuade the court that Remorenko's removal is likely to occur within the reasonably foreseeable future. Significantly, no country has been identified as the intended removal country, and the respondent offers no explanation as to why no other candidate countries have been identified or when such an identification might occur. Though the unsuccessful efforts to remove Remorenko to Israel and Italy might provide a reasonable explanation for the delay, the respondent does not disclose when Italy and Israel denied the requests for travel documents or any other relevant details. The respondent's showing also does not describe the process for identifying third countries. It does not suggest that the government is in the process of preparing a formal request to a third country or any basis for the delay in submitting such a request. It does not

provide any insight as to when these countries might reach a decision once a formal request has been submitted or the likelihood that such countries will accept Remorenko for removal and issue travel documents. Consequently, the court finds that the respondent has not adequately demonstrated that Remorenko's removal is reasonably foreseeable. Therefore, the respondent must release Remorenko.

For these reasons, the court:

(1) GRANTS the petition for writ of habeas corpus (ECF 2) and ORDERS the respondent to release Alexandr Vladimirov Remorenko on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **August 19, 2026**; and

(2) DIRECTS the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release.

SO ORDERED on August 17, 2026

s/ Cristal C. Brisco
JUDGE
UNITED STATES DISTRICT COURT